## Commonwealth v. McHugh

*Albert Amoroso, assistant district attorney,* for the Commonwealth.

*G. Guy Smith,* for defendant.

BATTLE, *J.,* May 13, 1992—The defendant was found guilty of driving under the influence of alcohol

after a non-jury trial. The defendant has appealed, thus necessitating this opinion.

No testimony was taken at the time of the trial. Instead, counsel stipulated that the notes of testimony from a March 20, 1991, suppression hearing, the affidavit of probable cause incorporated into the criminal complaint, and the result of a breathalyzer test should be submitted as the evidence, which this court agreed to accept.

The defendant submitted a statement of matters complained of on appeal. The statement is as follows:

*"Concise Statement of Matters*
*Complained of On Appeal*

"There is only one issue which the defendant has preserved for this appeal to the Superior Court, namely: the trial judge committed reversible error in denying that portion of the defendant's omnibus pre-trial motion, seeking to suppress the evidence.

"The factual basis underlying the defendant's appeal on this issue is as follows:

"(1) The defendant's automobile was parked in a public parking lot at a Wawa store at the intersection of Old Sugartown Road and Morris Road in Radnor Township.

"(2) The date was June 13, 1990. The time was 2:27 a.m.

"(3) The vehicle was parked. The lights were on. The store was closed.

"(4) Officer Gregory Mattioli of the Radnor Township Police Department was on routine patrol in that area and he pulled into the parking lot, alongside the vehicle, whereupon he noticed the defendant, the driver, sitting in the vehicle. The defendant was wearing a seat belt with both lap and shoulder restraints.

"(5) Officer Mattioli noticed that the brake lights were on. He approached the vehicle and started knocking lightly on the window.

"(6) The defendant did not respond to the tapping on the window so the police officer opened the door to the car whereupon he noticed an odor of alcoholic beverage and arrested the defendant for DUI.

"(7) The defendant was not violating the Motor Vehicle Code, nor was the defendant cited for any violations, nor was there any criminal activity afoot at the time the officer tapped on the car window or opened the car door.

"(8) It is the defendant's position that the police officer had absolutely no right to open the door to the defendant's car and that such an act violated the defendant's constitutional rights, particularly the Fourth Amendment to the U.S. Constitution and Article I, section VIII of the Constitution of the Commonwealth of Pennsylvania."

The facts stated in the defendant's statement of matters complained of on appeal contain most of the relevant facts of the case. However, the following facts should also be noted:

(a) The police officer's attention was first directed to the vehicle because of the angular position in which it was parked.

(b) The vehicle's engine was running.

(c) The driver of the vehicle was slumped against the driver's window.

(d) The driver's eyes were closed.

(e) The subject parking lot is not a place where people come and park their cars overnight when the store which the parking lot services is closed.

(f) The police officer, upon seeing the vehicle parked angularly, with the lights on, with the engine running, at 2:27 a.m., when the store which the parking lot services was closed, when vehicles normally do not park in the subject lot overnight, and with the driver of the vehicle, with his seat belt on, slumped against the side window of the vehicle with his eyes closed, was concerned that the driver was incapacitated in some way and that the driver could have been intoxicated.

Because of the police officer's concern that the driver was incapacitated in some way and that the driver may have been intoxicated, which belief was based upon the police officer's arrests of other persons for driving under the influence under similar circumstances, the police officer knocked on the window of the vehicle. When the police officer did not receive a response from the driver as the result of his knocks, he opened the door at which time he noticed a strong odor of an alcoholic beverage and, thereafter, determined that the driver of the vehicle was under the influence of alcohol to such a degree as to render him incapable of safe driving.

As the defendant's statement of matters complained of on appeal indicates, the sole issue is whether the police officer had the right to open the defendant's door. If the police officer did not have the right to open the defendant's door, then the evidence of intoxication would have to be suppressed.

An individual has a reasonable expectation of privacy in an automobile, and when a vehicle is stopped by a police officer, a seizure within the meaning of the Fourth Amendment has occurred. See *Commonwealth v. Tarbert,* 348 Pa. Super. 306, 502 A.2d 221 (1985). To justify an investigative stop, a police officer must rely on specific and articulable facts which, taken to-

gether with rational inferences from those facts, reasonably warrant the intrusion. See *Commonwealth v. Janiak,* 368 Pa. Super. 626, 534 A.2d 833 (1987).

The Supreme Court has recognized that certain investigative seizures of an individual need not be supported by probable cause. In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the court held that a police officer may conduct a stop and frisk of an individual for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest so long as the officer is able to point to specific and articulable facts which give rise to a reasonable suspicion of criminal activity. The reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security is determined by balancing the public interest and the individual's right to personal security free from arbitrary interference by law officers. See *Commonwealth v. Minns,* 434 U.S. 106, 109, 98 S.Ct. 330, 332, 54 L.Ed.2d 331 (1977). The reasonableness of the intrusion is determined by examining two factors:

"(1) Whether there was a proper basis for the stop, which is judged by examining whether the law enforcement officials were aware of specific and articulable facts which gave rise to reasonable suspicion; and

"(2) Whether the degree of intrusion into the suspect's personal security was reasonably related to the situation at hand, which is judged by examining the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances." *United States v. Hardnett,* 804 F.2d 353, 356 (6th Cir. 1986).

In the case at bar, the officer had a reasonable suspicion that the driver of the vehicle was intoxicated because of the surrounding circumstances; the car was improperly parked at an angle, its lights were on, its

engine was running, and the driver was slumped against the window of the vehicle with his eyes closed. Even if the driver was not intoxicated, he was incapacitated in some manner so as to make his apparent control of the vehicle (he was in the driver's seat with the engine running and his foot on the brake) unsafe. When the driver did not respond to the officer's knocking on the window, he opened the door of the vehicle. The officer had a reasonable suspicion that the driver was intoxicated or otherwise incapacitated and not in a position to be driving a vehicle when he approached the vehicle. He continued to have such a suspicion when the driver did not respond to his knocks. Under the circumstances, it was reasonable and appropriate for him to open the door because of his suspicions and the surrounding circumstances.

It should also be noted, that when the police officer did open the door, the vehicle started moving backwards and the driver of the vehicle was unable to stop it. The police officer had to get into the vehicle and stop it. Not only was it reasonable and appropriate for the police officer to take the actions that he took, he may have very well saved the defendant and some innocent passerby from serious injury.

For all of the foregoing reasons, the evidence obtained as a result of the officer opening the vehicle's door was not suppressed and the defendant was found guilty of driving under the influence of alcohol.